IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KANDI BURRUSS, KANDI KOATED ENTERTAINMENT, INC., and RODNEY RICHARD,<br><br>Plaintiffs,<br><br>v.<br><br>KIMBERLIEGH ZOLCIAK-BIERMANN,<br><br>Defendant. | 1:13-cv-789-WSD |

**OPINION AND ORDER**

This matter is before the Court on Defendant Kimberliegh Zolciak-Biermann's ("Defendant" or "Zolciak") Motion to Dismiss [11].

**I.  BACKGROUND**

  A.  Procedural History

On March 12, 2013, Plaintiffs Kandi Burruss ("Burruss"), Kandi Koated Entertainment, Inc. ("Kandi Koated Entertainment"), and Rodney Richard ("Richard") (collectively, "Plaintiffs") filed this action asserting claims against Zolciak and TuneCore, Inc. ("TuneCore") for: (i) copyright infringement pursuant to 17 U.S.C. § 101, et seq.; (ii) unjust enrichment; and (iii) constructive trust.  On April 15, 2013, Zolciak moved to dismiss the action pursuant to Rule 12(b)(6) of

the Federal Rules of Civil Procedure. On May 8, 2013, Plaintiffs voluntarily dismissed TuneCore from this action.

B. Facts[1]

Plaintiffs allege that Zociak infringed a musical composition, entitled "Tardy for the Party" (the "Composition"), which they claim was written on April 30, 2009, by Burruss, Richard, Ed H. Davidson, and Brielle Zolciak.[2] On May 1, 2009, Plaintiffs produced a sound recording ("Sound Recording") of the Composition that included a vocal performance by defendant Zolciak. Plaintiffs claim a copyright ownership interest in the Composition and the Sound Recording.

Plaintiffs allege that on September 29, 2009, Zolciak entered into an agreement with TuneCore to release the Sound Recording in various formats, including on compact disc and as a downloadable audio track available through various websites. Plaintiffs allege that Zolciak marketed and sold the Sound Recording without their consent or authorization and in disregard of their copyright ownership rights, in violation of Sections 106 and 501 of the the Copyright Act, 17 U.S.C. §§ 106, 501. Plaintiffs claim there were unauthorized sales of the Sound

---

[1] The facts are drawn from those alleged in Plaintiffs' complaint, and are accepted as true for the purposes of Defendant's Motion to Dismiss.

[2] Brielle Zolciak is the daughter of Defendant Zolciak.

Recording in the United States in excess of 102,000 copies. Plaintiffs seek statutory and actual damages for the alleged violation of their copyright interest in the Composition and the Sound Recording. Plaintiffs also assert a claim for unjust enrichment for amounts Zolciak received in the claimed unlawful marketing of the Sound Recording. Finally, they seek an accounting and constructive trust of all the profits that Zolciak has collected as a result of the alleged infringement of the Composition and Sound Recording.

## II.  DISCUSSION

### A.  Legal Standard

The law governing motions to dismiss pursuant to Rule 12(b)(6) is well-settled. Dismissal of a complaint is appropriate "when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." Marshall County Bd. of Educ. v. Marshall County Gas. Dist., 992 F.2d 1171, 1174 (11th Cir. 1993). The Court accepts the plaintiff's allegations as true, Hishon v. King & Spalding, 467 U.S. 68, 73 (1984), and considers the allegations in the complaint in the light most favorable to the plaintiff. Watts v. Fla. Int'l Univ., 495 F.3d 1289, 1295 (11th Cir. 2007). Ultimately, the complaint is required to contain "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). To state a claim to

relief that is plausible, the plaintiff must plead factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "Plausibility" requires more than a "sheer possibility that a defendant has acted unlawfully," and a complaint that alleges facts that are "merely consistent with" liability "stops short of the line between possibility and plausibility of 'entitlement to relief.'" Id. (citing Twombly, 550 U.S. at 557). "To survive a motion to dismiss, plaintiffs must do more than merely state legal conclusions; they are required to allege some specific factual bases for those conclusions or face dismissal of their claims." Jackson v. BellSouth Telecomm., 372 F.3d 1250, 1263 (11th Cir. 2004) ("[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal."). When considering a motion to dismiss, the court normally is required to limit itself to consideration of the allegations of the complaint and documents attached thereto. Fed. R. Civ. P. 12(b)(6). However, the court may take judicial notice of reliable official public documents. Garfield v. NDC Health Corp., 466 F.3d 1255, 1260 n.2 (11th Cir. 2006).

B.     Analysis

Plaintiffs assert claims for copyright infringement of both the Composition and the Sound Recording, but concede that Zolciak is a co-owner of the Sound Recording.  (See Pffs.' Br. in Opp. at 4, 6.)  It is unclear from Plaintiffs' submissions whether they assert that Zolciak infringed a protected interest in the Sound Recording in which she has an ownership interest, or assert only that Zolciak failed to pay to Plaintiffs their fair share of the proceeds from the sales of the Sound Recording.  Plaintiffs' asserted claim that Zolciak infringed Composition also is undeveloped, and it is not clear whether Plaintiffs allege that Zolciak infringed on the Composition copyright by producing the Sound Recording, by failing to pay to Plaintiffs a portion of the sales proceeds, or whether there is an independent claim for infringement of the Composition.  The Court has done its best to understand Plaintiffs' allegations and claims despite the parties' ambiguous and often confusing submissions.[3]

Zolciak moves to dismiss this action for failure to state a claim upon which relief can be granted.  She argues that a cause of action for alleged copyright

---

[3] The memoranda submitted by the parties in this case were shallow analytically and the legal research superficial and deficient.  As a result, the Court had to conduct independent research and analysis at a level that is ordinarily not required in matters where both parties are represented by counsel.

infringement is time-barred or barred by a talent agreement ("Talent Agreement") into which Zolciak believes Burruss entered. Zolciak also moves to dismiss Plaintiffs' state-law claims for unjust enrichment, accounting, and constructive trust. These claims are based on Plaintiffs' assertion that they are entitled to some portion of the money received from the sale of the Sound Recording.

### 1. Copyright Infringement

Plaintiffs assert that Defendant Zolciak infringed on Plaintiffs' purported federal copyrights in the Composition and the Sound Recording. Zolciak moves to dismiss on the ground that Plaintiffs' failed to assert their ownership of the Composition and Sound Recording within the limitations period that applies to federal copyright claims, and she argues the Talent Agreement bars the claims.[4] The Court turns to Zolciak's motion to dismiss.

Owners of copyrights have exclusive rights to reproduce copyrighted works, to prepare derivative works, and distribute copies of the copyrighted work to the public. 17 U.S.C. § 106(1), (2), (3). To state a claim for copyright infringement, a

---

[4] The Court does not consider the Talent Agreement into which Zolciak speculates Burruss entered. In Horsley v. Feldt, 304 F.3d 1125 (11th Cir. 2002), the Eleventh Circuit held that a district court may consider documents attached to a motion to dismiss without converting the motion into one for summary judgment if the attached documentation is (1) central to the plaintiff's claim and (2) undisputed. Id. at 1134. Here, neither of these conditions is met.

plaintiff must show: (1) that he owns a valid copyright; and (2) that there was unauthorized copying of protected elements of the work.  Peter Letterse & Assocs., Inc. v. World Inst. Of Scientology Enters., Int'l, 533 F.3d 1287, 1300 (11th Cir. 2008).  "Copyright protects original *expression* only; it does not extend to any underlying ideas, procedures, processes, and systems." Id. (quoting Herzog v. Castle Rock Entm't, 193 F.3d 1241, 1248 (11th Cir. 1999)).  Once copyright infringement has been established, the copyright owner is entitled to elect either statutory or actual damages.  See 17 U.S.C. § 504(c)(1).

Registration is a statutory prerequisite to filing an infringement lawsuit. 17 U.S.C. § 411.  "A copyright owner's cause of action for infringement is unenforceable until compliance with the formalities of registration, including the payment of fees and deposit of copies of the work, is shown.  Ownership of the copyright is demonstrated through compliance with the formalities of registration." Dream Custom Homes, Inc. v. Modern Day Const., Inc., 773 F. Supp. 2d 1288, 1301 (M.D. Fla. 2011) aff'd, 476 F. App'x 190 (11th Cir. 2012) (citing Donald Frederick Evans & Assoc., Inc. v. Continental Homes, Inc., 785 F.2d 897, 903 (11th Cir.1986)).

i.  *Infringement of the Composition*

The Court first considers, *sua sponte*, whether it is required to dismiss Plaintiffs' asserted claim for copyright infringement of the Composition. Here, Plaintiffs do not allege and the parties do not argue that Plaintiffs, or any other person for that matter, registered a copyright in the Composition. The Supreme Court in Reed Elsevier, Inc. v. Muchnick, 559 U.S. 154, 171 (2010), held that the failure to register a copyright does not deny a federal court its adjudicative authority to consider claims of copyright infringement. Id. at 169. The Supreme Court specifically did not decide "whether § 411(a)'s registration requirement is a mandatory precondition to suit that . . . district courts may or should enforce *sua sponte* by dismissing copyright infringement claims involving unregistered works." Reed Elsevier, Inc. v. Muchnick, 559 U.S. 154, 171 (2010). Our Circuit also has not addressed whether a copyright action may be dismissed *sua sponte* for a registration failure. See Kernel Records Oy v. Mosley, 694 F.3d 1294, 1302 n.8 (11th Cir. 2012).

The language of Section 411 is clear: "[N]o civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title." 17 U.S.C. § 411(a). The Court concludes that a plaintiff asserting a claim for

copyright infringement must provide evidence, or at least allege, that the copyrighted work is registered with the United States Copyright Office.  Absent that evidence or allegation, the copyright claim is required to be dismissed, but without prejudice to the filing of an action after the registration is made.  Here, Plaintiffs assert that Zolciak infringed their copyright in the Composition by producing and selling the Sound Recording.[5]  (Compl. ¶¶ 8, 26).  Because Plaintiffs do not allege that the Composition was registered with the United States Copyright Office, the claim for copyright infringement of the Composition is required to be dismissed without prejudice.  17 U.S.C. § 411.

It also is unclear whether Plaintiffs have stated a claim for copyright infringement of the Composition.  The Complaint does not allege, and the parties

---

[5] Zolciak does not claim to be a co-owner of the Composition copyright, but Plaintiffs appear to suggest that Zolciak believes she obtained the rights to the Composition based on an unspecified work-for-hire arrangement.  A "work made for hire" is—

(1) a work prepared by an employee within the scope of his or her employment; or

(2) a work specially ordered or commissioned for use as a contribution to a collective work, [or] as a part of a motion picture or other audiovisual work . . . if the parties expressly agree in a written instrument signed by them that the work shall be considered a work made for hire.

17 U.S.C. § 101.  The employer or other person for whom the work was prepared is considered the author and owns the copyright of a work made for hire, unless the parties agree otherwise in writing.  17 U.S.C. § 201.  Plaintiffs deny that they entered into a work-for-hire agreement with Zolciak.  (Pffs.' Br. in Opp. at 7.)

9

do not discuss, the specific nature of the rights in the Composition that Plaintiffs reserved, modified, or surrendered by working with Zolciak to create the Sound Recording. What is clear from Plaintiffs' pleadings is that, to the extent Zolciak used the Composition to produce the Sound Recording, the use was with Plaintiffs' authorization. Zolciak's permitted use of the Composition to produce the Sound Recording cannot be the basis of a claim for copyright infringement. See Nimmer on Copyright § 3.06 (it is the *unauthorized* incorporation of a pre-existing, copyrighted work into a derivative work that constitutes copyright infringement). Plaintiffs acknowledge the Sound Recording is jointly-owned, (see Pffs.' Br. in Opp. at 4, 6), and that it exploited the Composition. Plaintiffs cannot claim – and in fact do not claim – that Zolciak violated any rights Plaintiffs had in the Composition by creating the Sound Recording.

For the reasons stated above, Plaintiffs' copyright claim, if there is one, with respect to the Composition is required to be dismissed.

ii.   *Infringement of the Sound Recording*

Despite Plaintiffs' conclusory claim that Zolciak violated some copyright or other intellectual property interest that Plaintiffs assert they had in the Sound Recording, Plaintiffs concede that Zolciak is a co-owner of the Sound Recording, and that she had a right to release it for commercial sale without Plaintiffs'

consent. (Pffs.' Br. in Opp. at 4, 6.) "[A]n action for infringement between joint owners will not lie because an individual cannot infringe his own copyright. The only duty joint owners have with respect to their joint work is to account for profits." Weissmann v. Freeman, 868 F.2d 1313, 1318 (2d Cir. 1989). See also Netzer v. Continuity Graphic Assoc., Inc., 963 F. Supp. 1308, 1315 (S.D.N.Y. 1997). Plaintiffs thus admit they do not have a basis to assert a claim for infringement based on the Sound Recording.[6,7]

---

[6] Plaintiffs also do not allege that the Sound Recording is registered with the United States Copyright Office, and so any asserted claim for infringement of the Sound Recording would be required to be dismissed. 17 U.S.C. § 411(a).

[7] Zolciak also argued that any claim based on an alleged interest in the Sound Recording is time-barred. Civil actions under the Copyright Act are subject to a three-year statute of limitations, 17 U.S.C. § 507(b). A claim asserted for infringement by a person who claims to be a co-author of a work is time-barred from asserting the claim if it is brought three years or more after accrual of their claim. The limitations period bars the claimant from "seeking a declaration of copyright co-ownership rights and any remedies that would flow from such a declaration." Merch. v. Levy, 92 F.3d 51, 56 (2d Cir. 1996). "Copyright claims accrue 'when a plaintiff knows or has reason to know of the injury upon which the claim is premised.'" Big East Entertainment, Inc. v. Zomba Enterprises, Inc., 453 F. Supp. 2d 788, 794 (S.D.N.Y. 2006) (quoting Merchant, 92 F.3d at 56). Zolciak argues that Plaintiffs' claim accrued on September 29, 2009, when Plaintiffs allege that Zolciak commercially released the Sound Recording, (Compl. ¶ 12; see also Def.'s Br. in Supp. at 9), and, because the complaint in this action was not filed until March 12, 2013, it is time-barred.

Plaintiffs argue that Zolciak's infringement accrued when she failed to provide an accounting and failed to pay Plaintiffs their share of the profits generated from Sound Recording sales. Plaintiffs here conflate a claim for copyright infringement with a claim for an accurate accounting due from a co-

Plaintiffs' next claim they are, at least, entitled to a share of profits from the owner. Although Plaintiffs describe the "on-going and continuous" failure to provide an accurate accounting as one of "continuing infringement," (Pffs.' Br. in Opp. at 6), this approach is not supported in the law. "Although plaintiff attempts to portray its claim as one for ongoing infringement, it has been established that the statute of limitations cannot be defeated by portraying the action as one for infringement when copyright ownership rights are the true matter at issue." Minder Music Ltd. v. Mellow Smoke Music Co., 1999 WL 820575, at *2 (S.D.N.Y Oct. 14, 1999) (citing Netzer, 963 F. Supp. at 1315). Zolciak thus first claims that Plaintiffs knew their interests were infringed, if at all, when the Sound Recording was released.

Zolciak also states that on February 9, 2010, she directed Ferosh Records to commercially release the Sound Recording on iTunes. The release named "Ferosh Records" as the sole copyright owner and used the copyright symbol. Zolciak contends that this public assertion of copyright ownership in the Sound Recording, which excluded Plaintiffs, necessarily started the clock on the limitations period for Plaintiffs' infringement claim. "An express assertion of sole authorship or ownership will start the copyright statute of limitations running." Netzer, 963 F. Supp. at 1315. Plaintiffs' complaint was thus at least required to be filed within three years of the iTunes release, or on or before February 9, 2013.

Plaintiffs argue that, as co-owners, they recognized they could not prevent Zolciak from commercially releasing the Sound Recording – a position, the Court observes, that is inconsistent with the allegations Plaintiffs asserted in their complaint – and did not realize she disputed their ownership interest until she refused to provide Plaintiffs with an accurate accounting of the Sound Recording sales proceeds. Only at that point, Plaintiffs argue, were they on notice that it was necessary to file an action to assert their ownership rights. The parties apparently do not agree when the ownership dispute became evident. Plaintiffs state that Zolciak "initially paid Plaintiffs their rightful share of the proceeds," but that she later made public accusations that Burruss was taking advantage of her. On March 11, 2010, Buruss therefore agreed to "temporarily repay a portion of the payment" until Zolciak "could get a full and better understanding of her financial obligations to Plaintiffs." (Pffs.' Br. in Opp. at 8.) This confused factual "record," however, is irrelevant here, when the Court is presented a motion to dismiss and may consider only the allegations stated in the complaint. Fed. R. Civ. P. 12(b)(6).

sale of the Sound Recording and they demand an accounting to determine the sales and profits realized. The initial issue is whether there is federal jurisdiction where a co-owner of a copyright asserts a claim against another co-owner for an accounting of proceeds. The consensus generally is that there is not, and that an accounting claim must be asserted in a state-court action. The court in T. B. Harms Co. v. Eliscu, 339 F.2d 823, 828 (2d Cir. 1964) (Friendly, J.), put it this way

> [W]e think that an action 'arises under' the Copyright Act if and only if the complaint is for a remedy expressly granted by the Act, e.g., a suit for infringement or for the statutory royalties for record reproduction, … or asserts a claim requiring construction of the Act, … or, at the very least and perhaps more doubtfully, presents a case where a distinctive policy of the Act requires that federal principles control the disposition of the claim. The general interest that copyrights, like all other forms of property, should be enjoyed by their true owner is not enough to meet this last test.

In Gaiman v. McFarlane, 360 F.3d 644, 652 (7th Cir. 2004), Judge Posner stated that "[w]hen co-ownership is conceded and the only issue therefore is the contractual, or in the absence of contract the equitable, division of the profits from the copyrighted work, there is no issue of copyright law and the suit for an accounting of profits therefore arises under state rather than federal law." See also Mother Waddles Perpetual Mission, Inc. v. Frazier, 904 F. Supp. 603, 608 (E.D. Mich. 1995) ("[M]ost courts agree that a dispute merely over royalty payments or

the sufficiency of payments under a license agreement does not constitute a federal claim."). But see Merch. v. Levy, 92 F.3d 51, 55-56 (2d Cir. 1996). The fundamental claim asserted by Plaintiffs is whether they have been adequately compensated based on the sales of, and their joint interest in, the Sound Recording. In other words, this is a contract dispute and, as such and for the reasons already stated, this Court lacks jurisdiction to decide it. "[A] dispute over the terms of a copyright license is not deemed to arise under the Copyright Act." Saturday Evening Post Co. v. Rumbleseat Press, Inc., 816 F.2d 1191, 1194 (7th Cir. 1987) (citing T.B. Harms Co., 339 F.2d at 828). See also Hanna-Barbera Prods., Inc. v. Screen Gems-EMI Music Inc., 829 F. Supp. 67, 73 (S.D.N.Y. 1993) (holding there was no basis for jurisdiction over an action where the claim of copyright infringement was merely incidental to the underlying contract dispute and which required only an interpretation of contract terms, not the meaning of copyright law.) The Court concludes it does not have jurisdiction over Plaintiffs' unjust enrichment, accounting and constructive trust claims based upon the sales of the Sound Recording, and these claims are required to be dismissed.[8]

---

[8] The Court further concludes that upon dismissal of the federal claims asserted, it must dismiss Plaintiffs' remaining state-law claims, including for unjust enrichment, for accounting and for constructive trust. See Arnold v. Tuskegee Univ., 212 Fed. App'x 803, 811 (11th Cir. 2006) ("When the district court has dismissed all federal claims from a case, there is a strong argument for declining to

14

### III. CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant Kimberliegh Zolciak-Biermann's Motion to Dismiss [11] is **GRANTED** and this action is **DISMISSED**. Plaintiffs' claim for copyright infringement of the Composition is **DIMSSED WITHOUT PREJUDICE**.

**SO ORDERED** this 11th day of October, 2013.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

---

exercise supplemental jurisdiction over the remaining state law claims."). Absent an independent basis for jurisdiction, the remaining claims are dismissed.